You hear New Jersey Carpenter et al. versus Federal Home Loan Mortgage. Good afternoon, Your Honors. My name is Christopher Johnson from McCool Smith, and I represent the appellants, the Federal Housing Finance Agency, or FHFA, and its conservatee, the Federal Home Loan Mortgage Corporation, or Freddie Mac. We're here on the appellant's motion pursuant to Federal Rule of Appellate Procedure 8 for a stay pending appeal. As the court knows, it's a four-factor test, and under this court's authorities, more of one factor excuses less of another. We believe all four factors weigh heavily in favor of continuing the stay pending the appeal, but I'd like to focus my comments on the balance of the equities, why the harm to FHFA from lifting the stay outweighs any harm to the class parties from continuing the stay. The first factor's got to be likelihood of success on the merits, isn't it? It certainly is, and I can certainly address that. Will you get to the last factor? So the likelihood of success, we think, weighs strongly in our favor because the text of the statute provided the FHFA part of its emergency powers that Congress granted in 2008 during the housing crisis, granted emergency powers for FHFA to get upon request a stay proceedings for 45 days. When? When do you get to do that? The statute is silent on timing. Silent? It is silent on it can- Does it require interpretation on our part? No, it doesn't. If it's silent, I would have thought we need to interpret. I'm a little surprised to hear you say it's silent. That's what you said. I guess what I mean to say, Your Honor, is that it does not have a time limit on when the power can be invoked. When do you think it can be? It can be invoked when one of the conservatees becomes a party to an action. And here- Has that happened? So here the class plaintiffs are trying to impose upon Freddie Mac a release that neither Freddie Mac nor, more importantly, FHFA has agreed to. And I think that the fact that they're trying to impose a settlement and a release upon Freddie Mac makes Freddie Mac a party. I think one of the better cases for that proposition is something that- Sure. When were you appointed? Appointed in September 2008. And it's now 2017? It is indeed, yes. That is nine years later? Correct. Do you think you get to make the motion nine years after the appointment? In an action like this where Freddie Mac is first being dragged into a case, yes. That the case- When were you first, as you put it, dragged into the case? So the plaintiffs moved for class certification for a settlement in May of this year. And FHFA, which under HERA, has exclusive authority over all of Freddie Mac's assets, rights- May of this year? Correct. That's when you were, quote, dragged into the case? Well, that's when the class certification motion was preliminarily approved. FHFA, which has complete authority over Freddie Mac's assets, was not given notice of the class settlement. All right. FHFA learned about- So May is the date you want us to consider when you were brought into the case? I actually think it's August 29th when FHFA first learned about the exclusion deadline. So the exclusion deadline was August 16th. Granted, Freddie Mac did not exclude by that deadline, but FHFA, which has the- Freddie Mac is not permitted to make those decisions about being included, being excluded by itself. FHFA alone can make that decision. FHFA did not learn about this class, about the exclusion deadline until August 29th. When the complaint was first filed, it described a putative class, yes? It did. What? It did. It did. Were you within that putative class? It is now apparent to us that Freddie Mac was. Well, you say it's now apparent. Was it apparent then? I don't know that it was apparent then. At some point, this all needs to be viewed in the context- Is it a matter of owning shares? I'm sorry? Owning shares that brought you within the class? Freddie Mac purchased securities in two of these securitizations. Okay. So you were a shareholder. A bondholder, sure. And that's what the class action is. Correct. The class of shareholders. Right. You were one of them. But starting in 2011, FHFA, which, as this Court knows, has been an active litigant on behalf of Fannie Mae and Freddie Mac, starting in 2011, FHFA entered into a tolling agreement with one of the defendants here, Wells Fargo, to toll the statute of limitations with respect to Freddie Mac's claims against Wells Fargo. Okay. So there was a timeout period. But as soon as the suit was filed, you were a member of the putative class. A member of the putative class. But I don't think that-I think even the plaintiffs would acknowledge that that does not make you a party. I think that under Smith v. Bear, which is the case that the plaintiffs cite,  So I don't think that we would be deemed a party back at the filing of a complaint. When do you think is the earliest date you became a party? At the-when Freddie Mac did not exclude by August 16th. That is when Freddie Mac- When you did not exclude? Right. That is when-there was an opt-out- You became a party by not doing something? There was an opt-out deadline that Freddie Mac missed. But weren't you in before you opted out? Tentatively, but it was all subject to final approval. Well, I'm trying to understand when you became a party. And you're telling me you became a party when you opted out. I would have thought opting out makes you- No, no, when we didn't opt out. When you did not opt out? When we did not opt out. So what were you before you did not opt out? A putative class member. A putative class member, they had-we were subject to nothing. We were subject to nothing unless and until the court-Freddie Mac- was subject to the court's procedures. And the plaintiffs are trying to jam us with a release that FHFA has sole authority with respect to. Freddie Mac does not have the power itself to enter into a class- enter into any settlement, to release claims, to collect money. All of those powers belong to FHFA. FHFA never got notice of this. The plaintiffs will acknowledge that. Never got notice of this case, of the class settlement procedures, did not learn about the exclusion deadline until August 29th, and it immediately acted thereafter. Did you get notice of the class action back in 2008? FHFA, I do not believe it did. Really? It's a class action and no notice was sent to the potential class member? The-Freddie Mac was the purchaser of the securities. FHFA, which has control, did not get notice. FHFA- As I read your brief, you point to the district court's certification of the settlement class as the date on which the federal entities became parties. Let me ask a different question, if I may, please. Suppose the stay is granted. What happens then? If the stay pending appeal is granted? Right. Then FHFA will-the reason we want the stay is because FHFA should not have been part of this litigation in the first place. It wants-does not want to participate in the proceedings below. The basis for the courts-the lower court's order regarding the 45-day HERA stay was that HERA, the FHFA statute, does not apply to class actions. We believe that is fundamentally wrong. What FHFA wants is for this court to reverse that order and, in particular, reverse the underlying basis for the order, which is that HERA does not apply. Let me see if we can think this through. You seek a stay pending appeal in order to be able to keep things in place pending briefing on the question whether the district judge erred in failing to grant what you think is a mandatory stay required by statute. Correct. Okay. Let's suppose you get that stay pending appeal, and let's suppose you prevail on the appeal. Just suppose. What then? Then the case would go back-since the basis for the lower court's order was that HERA does not apply to class actions, we think that in order to-a reversal would include a ruling by this court that HERA does apply to class actions, and that would influence the proceedings below. If you get the stay from the statute, never mind the stay pending appeal, but the ultimate stay from the statute, you get back within a window that's been closed. Isn't that right? That is correct, Your Honor. You missed a deadline, and the reason you want the stay, among others, but at least one big reason for the stay, is it lets you back in to remedy the fact that you missed a deadline. That is correct, Your Honor, because under the plain terms of Judge Batts- Do you think Congress passed this statute to give parties a chance to remedy missed deadlines? Your Honor, Congress passed an emergency statute that granted enormous powers to FHFA to put- A lot of courts talk about it as a breathing space, which I take it means a chance to familiarize yourself with a new case so that you can figure out what to do about it. We understand that, Your Honor. That's not why you want this stay. That is part of the reason, but I acknowledge that we sought the 45 stay also because under the terms of the preliminary approval order below, an exclusion, request for exclusion, and opt-out had to be sent in 28 days before the final approval hearing. Getting a stay pending appeal would not open that window for you, would it? I believe it would. It would, or would you have to win on the appeal? As of right now, the request for exclusion, the opt-out that we filed, was on August 31st. The final approval hearing, that is more than 28 days before the final approval hearing, which has not taken place now. You think that if we give you a stay pending appeal, that gives you a chance, not a chance, but a certainty of getting back in and remedying the failure to timely opt-out? We think that that issue may already have or has already been remedied by the stay we've received to date. It raises the question of mootness. We think that this case falls within the capable of repetition yet evading review exception. That's pretty unusual. Normally, if we grant a stay pending appeal, all it does is sort of hold the status quo. You're telling me, I think, that again, assuming that the one-judge stay didn't already do it, and if it already did, then it doesn't matter. I guess some court will have to decide that at some point, right? Correct. It hasn't been decided yet? Correct. Okay. Assuming that the one-judge stay didn't give you the ultimate relief you want, you're telling us today a stay pending appeal will give you that sort of second bite at the apple, or to put it another way, you'll get to remedy the failure to timely opt-out, right? So what I would say is that the stay we have received to date, we believe, remedies that issue. I understand that, but if you're wrong about that and no court has ruled on that, then you're saying that a stay pending appeal will give you that relief. Correct. In fact, I think what I'm saying is that the stay pending appeal that we have already gotten, the interim stay, remedies the issue. I understand you think that, but my question is, if you're wrong about that, then will a stay pending appeal, the one you want from us today, will it give you the chance to remedy the fact that you missed the deadline? I don't think it affects the issue because the 28 days, we're already within the 28 days. You either win on the one-judge stay or not. Is that it? I think that that is probably correct. Yes. You don't think this stay sort of gives you a little insurance policy? We always like insurance policies. We're seeking the stay pending the appeal really for a broader reason, which is that- Let me put it the other way. If you think the one-judge stay has already given it to you, why do you need a stay pending appeal? Because FHFA should never have been dragged into the proceeding below in the first place because a class plaintiff has no authority under Rule 23 to exercise control over Freddie Mac's assets. You're right. If the one-judge stay has given you the chance to get back in there and opt out, why don't you just go back in there and opt out? The lower court does not believe that HERA applies to class actions. So they won't let you back in? I don't know that it's a question of the- I don't think that HERA impacts that issue. I think what impacts that issue is the terms of the preliminary approval order. But the reason FHFA wants a stay pending appeal is- Supposing we were to enter an order that said we grant a stay pending appeal and this order implies nothing as to the rights of your agency to remedy the missed deadline. Supposing it said that. So I think that would be inconsistent with the lower court order, but that relief would at least- Why would it be inconsistent? Because the lower court order required that requests for exclusions to be submitted 28 days before a final approval hearing, which has not occurred. So as of a week ago, the August 31st submission is timely under the terms of the final approval. It's pretty unusual for a stay pending appeal to give the movement a victory on the ultimate merits, isn't it? Have we ever done that in the history of this court? No. Your Honor, I am not familiar with a situation like this. I think this is a novel case. I think that a class plaintiff usurping for itself powers that Congress granted to FHFA makes this an unusual case. And yes, the FHFA, in response to this unusual case, upon learning of the exclusion deadline on August 29th, with the powers Congress granted to it in order to remedy the situation. One of the other factors, of course, is public interest. We believe that that is precisely within the public interest because the class plaintiff was trying to use, leverage Freddie Mac's participation in the case to negotiate a settlement. And it has no power to do that. Not even Freddie Mac has power to do that. Then you want to get back in there and opt out, which will destroy the settlement. Is that right? Whether it destroys the settlement is a question for the parties. They have known for weeks now that we filed a request for exclusion on August 31st. Is it for the parties or is it just a numerical calculation? It's a numerical calculation, but it gives the defendant the option of terminating the settlement. It doesn't automatically terminate the settlement. They clearly know by this point whether they would terminate the settlement if Freddie Mac is excluded. I don't know the answer to that, but I'm sure the defendants do. And so if they do exercise that option and terminate the settlement, then the parties would simply be back in the position they would have been had the class plaintiffs never included Freddie Mac in the first place. I'm not sure I fully understand your response to one of Judge Newman's earlier questions. Assume for the moment that we grant you the motion, the stay that you're asking for, and then we go on to indicate clearly that we express no opinion on whether deadlines at issue in the underlying litigation should be extended or otherwise altered. My understanding is that having received the stay from us, you would proceed to a merits panel, and you would make that argument, some of the arguments that you're making here, and you believe you will prevail. Correct. And what is it that that merits panel would do for you? What is it that you would seek from that merits panel? What kind of decree would you ask for? So the merits panel would presumably prevail, would conclude that FHFA had an absolute right to a 45-day stay upon request, and because the basis for the lower court's order denying us that stay was that HERA does not apply to class actions. Right. It would have to reverse the lower court on that issue, and that is of great benefit to the FHFA. All right, and then you'd be back before the district court, and presumably everyone would have a better idea of what the state of play is with respect to deadlines. All right. I think we have your sense of what your argument is. Thank you very much. Thank you very much. Mr. Laitman, what's wrong with all of this? Many, many things, and I just want to immediately deal with two of the issues that Judge Newman raised. First is the irreparable harm that FHFA said exists and requires granting of this emergency motion actually no longer exists for the very reasons that were stated, because what the FHFA said is we need 28 days from the time we filed our defective, untimely opt-out, we need 28 days to pass in order for us to go back to the district court and order to the district court, because the district court has never ruled on anything but the 45-day stay. The issue of whether or not how you interpret the preliminary approval order was never touched by the district court, so the only thing before this court is the decision on denying the 45-day stay. But the irreparable harm that was specifically stated on page 17 and 18 of their opening brief is that they need 28 days to pass from their August 31 opt-out so that they will be able to make the argument in the future to the district court that their untimely opt-out is now made timely. As of today, there is no irreparable injury, because well more than 28 days has passed. They can now tomorrow, and they should as soon as possible, go back before the district court, make their argument. We believe that it's erroneous, it's not automatic, because the preliminary approval order was very specific. It didn't say in some floating manner, whenever the hearing happens 28 days before, that's when an opt-out gets filed. Now, that order said the hearing date is September 13th, and so the opt-out must be 28 days before the hearing date. But look, that's not before this court now. That will be before the district court now that their irreparable harm argument no longer exists. So what should happen is this stay, because there is no harm, should go back to the district court, and they should make their argument. And if the court rules against them, and the final judgment and order is entered against them, they have a full right to appeal that. I don't understand you telling them they should go back to the district court. They have an appeal here. Are you saying that they should abandon the appeal? Well, the appeal, the underlying appeal, the appeal will be mooted by October 28th. All right. The appeal is here. Okay. The appeal is here. They want to stay pending that appeal. Okay. So there's no irreparable injury for the stay. The likelihood of the strong showing of success on the merits does not exist because, as Your Honor pointed out, this HERA statute has never meant that a conservator can, 9 years after its appointment, come in and seek a 45-day stay when it's not seeking to be subpoenaed. He says he wasn't a party. He deals with the 9-year thing because the statute does say when it, in which such institution is or becomes a party. Well, Freddie Mac got notice. It is undisputed now that Freddie Mac got notice in May of 2017. They received notice. Before the district court, in many briefs and affidavits, they said the reason we're objecting and the reason our objection is valid is we never got notice. At oral argument, they finally admitted they did get notice. So Freddie Mac got notice and presumably . . . Were they a party? Freddie Mac? No. Freddie Mac was not a party. And . . . So then he couldn't ask for the 45-day stay. Well, the statute says either is a party or become a party. And the cases where the Kirikou case and the Scion case are cases where the conservator, in that case the RTC, wanted to be substituted in or wanted to intervene as a party. They were not yet parties in that case. And that's the same situation here. Freddie Mac was not a party. They certainly, at any point in the last nine years, they could have said we . . . This is a case that we want to take over. Well, first of all, they could have opted out in a timely way. It seems to me all of this is terribly interesting and important. But why isn't this something that should go to the merits panel to resolve? You may be completely right. And if we expedite this appeal, you prevail. And what exactly is the harm to you of a stay pending appeal? Because, first of all, by the time you get to merits, they've gotten well more than 45 days. I don't want to go there. Okay. Just tell me what's the big deal. If we permit this to go forward to a merits panel by granting a stay and intimating absolutely no view of the merits of all of these issues that you're touching upon, the merits panel will decide whether they are right or wrong. And if you are right, you'll prevail. So what's the problem? Well, the first problem is that there are over 500 claimants that have filed claims that fully expected after nine and a half years to get their share of the $165 million. And what this does is, first of all, the issue of the distribution of these funds, is that it? Oh, absolutely. Well, what exactly, given the dimensions of this matter, what exactly would be wrong with their having a chance to make their case to a merits panel? But the merits panel is only, the only thing to appeal from the district court is the 45-day stay. Well, if that's the case, you'll, the merits panel will tell you that. If you think, if you're as confident as you are in your position, you will prevail before a merits panel. And this will take place another two months or so, three months, and it will be over. Well, but the? What's happening in the meantime which is injurious to you or to your clients? Well. Other than the fact that they didn't get the money during this period of time when this is being adjudicated. Well, the other issue is that I think the plain reading of the district court, I understand what you're saying, Your Honor, but the plain reading of the district, the only thing the district court did was talk about the 45-day stay. So to put it to a merits panel, to even potentially go beyond that. The merits panel will have the benefit of your very considerable briefing and knowledge of this thing. And they will sort it out as to whether there's anything, there's any merit to the agency's claims here. Well, the other, I mean, the other issue, frankly, is that we do feel that there is a strong jurisdictional, the absence of jurisdiction here as well. All that means is you may be right. I think what, at least what I'm trying to get at, I think we all are. Would a stay pending appeal give them a substantive benefit that they don't now have? For example, a chance to go back in and remedy their missed deadline. Would it give them that that they don't have now? They have asked, Your Honor, they are seeking that. I don't care what they've asked. I want to know, do you think a stay pending appeal would give them that substantive benefit? Absolutely not. Absolutely not. Absolutely not. Well, that cuts against you, you see. Then I'm not nearly as troubled with giving you that stay. I would be very troubled if a mere stay pending appeal resolved a merits issue in their favor, because that's not what a stay pending appeal is supposed to do. But now you're telling me absolutely not. It won't do that. Well, we would argue that. They've either missed the window or they haven't, right? That's our position. And a stay pending appeal will not touch that issue. Will not touch that issue. All right. That's good. We'll hear from Mr. Turner, who has something to tell us. It may be different. Thank you, Your Honor. Alan Turner from Simpson, Thatcher & Bartlett, representing the underwriter defendants. I'd like to start by picking up on a few factual issues that Judge Newman asked about as to when FHFA knew about the existence of this lawsuit. This case was filed in May of 2008. The class definition at that point in the complaint certainly included FHFA. The plaintiff actually moved to certify the class in June of 2015 as part of the litigation prior to settlement, and the class was certified by the district court in November of 2016, which is a little different than Mr. Johnson had described. But when did FHFA become aware of this lawsuit? Well, at least by August 30th of 2013, and that I get from the declaration of David Rice, which we submitted as part of our opposition to this motion, which notes that in a settlement between Wells Fargo and FHFA as of that date in 2013, that settlement agreement expressly referred to the existence of this lawsuit and the fact that the two certificates at issue here were covered by this lawsuit. Were they a party bid? They were not a party. They couldn't have asked for the stay, right? Exactly. They could not have asked for a stay at any point in time, Your Honor, because under HERA, only parties, and the Supreme Court tells us a party is somebody who has been sued or is suing. And here that is clearly not the case. They are an absent class member, and while absent class members have other rights, they are not under HERA a party such that they can come into the case and say we demand that this case be put on ice for 45 days. Well, that's a question to be decided presumably by the merits panel. We don't have to decide that. That may be the case, Your Honor, but the question for this panel is whether in the interim a stay should be granted. Right. And we have not heard from the plaintiff in my submission that the grounds for an emergency stay have been met, namely a strong showing of a likelihood of success on the merits and irreparable injury. In fact, they have conceded that there will be no injury to them in the absence of a stay because, according to Mr. Johnson, Is the only injury on your side delay in the payment? For the underwriter defendants, it's not a matter of delay in the payment because If it's not that, what is it? What's the harm to you? The harm to our clients and to the plaintiffs is that we have been litigating this case for nine years. We have reached a settlement that is fair to the class and that we want consummated. What's the harm of a delay for the time it takes to hear and decide this appeal? Your Honor, if we are to go ahead with an interlocutory appeal and for the district court proceedings to be stayed in the interim, we will be back before a panel of this court sometime in the first half of next year arguing about whether a 45-day stay should have been entered by the district court as of September 12th. That is moot. That will be moot. And what is the harm of having that issue tendered to a merits panel? I don't think the question of harm to the defendants is before this panel. Sure it is. On any stay pending appeal, one of the issues is harm. The prejudice to the parties, including the defendants, is that this lawsuit, which has been pending for nine years, will not be resolved in the prompt manner. It should be resolved now that a settlement has been reached. Is there a specific harm that flows from that delay? I can't point to any harm other than what I've already described, Your Honor. It would be a delay? It would be another delay. That's what it means to have a stay, to have a delay. Thank you, Your Honor. Thanks very much. We'll reserve the decision. As we will in the other motions, including the one argued earlier.